NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
KEITH M. STAUB (Cal. Bar No. 137909)
CHUNG H. HAN (Cal. Bar No. 191757)
JASMIN YANG (Cal. Bar No. 255254)
DAMON A. THAYER (Cal. Bar No. 258821)
PAUL B. GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7423
    Facsimile: (213) 894-7819
    E-mail: Keith.Staub@usdoj.gov
           Chung.Han@usdoj.gov
           Jasmin.Yang@usdoj.gov
           Damon.Thayer@usdoj.gov
           Paul.Green@usdoj.gov

Attorneys for Respondents
Louis Milusnic and Michael Carvajal

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YONNEDIL CARROR TORRES; VINCENT REED; FELIX SAMUEL GARCIA; ANDRE BROWN; and SHAWN L. FEARS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff-Petitioners,<br><br>    v.<br><br>LOUIS MILUSNIC, in his capacity as Warden of Lompoc; and MICHAEL CARVAJAL, in his capacity as Director of the Bureau of Prisons,<br><br>    Defendant-Respondents. | No. CV 20-4450-CBM-PVCx<br><br>**UNOPPOSED EX PARTE APPLICATION FOR CONTINUANCE OF PRELIMINARY-INJUNCTION-RELATED DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Declaration of Melissa Arnold and Proposed Order Filed Concurrently]*<br><br>Honorable Consuelo B. Marshall<br>United States District Judge |

1

## NOTICE OF MOTION

Pursuant to Local Rule 7-19, Respondents hereby apply ex parte for an order continuing three deadlines imposed by this Court's July 14, 2020 Order re: Plaintiff-Petitioners' Motion for Preliminary Injunction, and Ex Parte Application for Provisional Class Certification (Dkt. 45). First, Respondents request that their July 28, 2020 deadline to evaluate class members be continued, on a rolling basis, to August 7 and 14, 2020. *See id.* at 49, ¶ 5. Second, Respondents request that their July 29, 2020 deadline to file an under-seal declaration be extended to August 19, 2020. *See id.*, ¶ 6. Third, Respondents request that their August 3, 2020 deadline to issue notices to impacted inmates be continued, on a rolling basis, to August 6, 13, and 20, 2020. *See id.*, ¶ 8.

This application is based on the attached memorandum of points and authorities and declaration of Melissa Arnold.

Respondents' counsel exchanged emails with Petitioners' counsel about the timing and substance of this application on July 23 and 24, 2020. Petitioners' counsel has indicated that this ex parte application is unopposed.

Dated: June 24, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   */s/ Damon A. Thayer*
KEITH M. STAUB
CHUNG H. HAN
JASMIN YANG
DAMON A. THAYER
PAUL B. GREEN
Assistant United States Attorney

Attorneys for Respondents

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Respondents respectfully request a continuance of three upcoming deadlines set by this Court relating to its July 14, 2020 preliminary injunction. In short, despite diligent efforts, the Bureau of Prisons (BOP) cannot reasonably comply with the timeframe established by the Court as it concerns evaluating class members, and that in turn leads to problems with deadlines dependent upon the completion of those evaluations. *See* Dkt. 45 at 49, ¶¶ 5-6, 8. Respondents anticipate needing about three more weeks to complete the processes ordered by the Court. To minimize any prejudice or inconvenience to Petitioners, Respondents plan to make weekly rolling disclosures where possible. Respondents' request is reasonable, unopposed, and should be granted.

## II. PERTINENT PORTIONS OF THE COURT'S ORDER

The Court's July 14, 2020 order imposes a set schedule on the BOP to perform various tasks. *Id.* at 48-49, ¶¶ 2-8. The tasks presenting a timing problem for the BOP are:

> **5. No later than July 28, 2020**, Respondents shall make full and speedy use of their authority under the CARES Act and evaluate each class member's eligibility for home confinement which gives substantial weight to the inmate's risk factors for severe illness or death from COVID-19 based on age (over 50) or Underlying Health Conditions;
>
> **6. No later than July 29, 2020**, Respondents shall file under seal a declaration setting forth a list of class members whom Respondents have determined are eligible for home confinement, and an explanation for each denial of home confinement of any class member, including an explanation of the factual basis for any factors determined to outweigh the danger to the inmate from COVID-19; [and]

3

> **8. No later than August 3, 2020**, for any Lompoc inmate who has made a written request for compassionate release based on COVID-19 but has not received a decision, Respondents shall provide written notice of either (a) a referral of the matter in writing with recommendation of approval of the request pursuant to 28 C.F.R. § 571.62, or (b) a denial of the request and copy of the applicable appeal form pursuant to 28 C.F.R. §§ 571.63, 542.15.

*Id.* at 49.

### III.  ARGUMENT

The Court should continue the deadlines imposed by its injunctive-relief orders 5, 6, and 8, as ample good cause supports the BOP's need for additional time to comply with those orders. As explained in detail in the accompanying declaration of BOP employee Melissa Arnold, the BOP's compliance efforts to date have been exceptionally diligent; indeed, Respondents have complied with all deadlines associated with the preliminary injunction thus far without requiring any extension. *See* Arnold Decl. ¶¶ 4-15.

Notwithstanding these efforts, Respondents anticipate that it will likely take three additional weeks to fully meet all deadlines. *See id.* at ¶¶ 10-14 (explaining various steps and stages of the evaluation process). This is because of, among other things, the voluminous number of inmates in the class and the significant amount of time it takes to complete evaluations—and notably certain delays are not attributable to the BOP. *See id.* ¶¶ 10, 14. It is also worth mentioning that, as the docket this week reflects, Respondents have made diligent efforts to comply with the Court's order, and will continue to do so.

To accommodate the BOP while minimizing undue prejudice and inconvenience to Petitioners, Respondents ask the Court to modify its injunctive-relief orders as follows:

- continue the current July 28, 2020 evaluation deadline and allow the BOP to make rolling disclosures on August 7 and 14, 2020;
- continue the current July 29, 2020 declaration deadline to August 19, 2020; and

- continue the current August 3, 2020 written-notice deadline and allow the BOP to make rolling disclosures on August 6, 13, and 20, 2020.

These continuances will allow the BOP to fully satisfy the processes required by this Court, and no undue prejudice will befall any party as a result thereof.

## IV. CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court continue, as specified herein, the evaluation, declaration, and notice deadlines at issue in its July 14, 2020 order.

Dated: July 24, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

　*/s/ Damon A. Thayer*
KEITH M. STAUB
CHUNG H. HAN
JASMIN YANG
DAMON A. THAYER
PAUL B. GREEN
Assistant United States Attorney

Attorneys for Respondents