**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

YONNEDIL CARROR TORRES, et al.,

Plaintiff-Petitioners,

vs.

LOUIS MILUSNIC, in his capacity as Warden of Lompoc, et al.,

Defendant-Respondents.

CASE NO. 2:20-cv-04450-CBM-PVCx

**[PROPOSED] ORDER TO CLARIFY PRELIMINARY INJUNCTION ORDER**

Filed Concurrently with Joint Status Report

Date: November 24, 2020
Time: 9:00 AM

Assigned to Hon. Consuelo B. Marshall
Courtroom 8B

The matter before the Court is Plaintiff-Petitioners Yonnedil Carror Torres, Vincent Reed, Felix Samuel Garcia, Andre Brown, and Shawn L. Fears' ("Petitioners'") dispute with Respondents Louis Milusnic, in his capacity as Warden of Lompoc, et al. ("Respondents") regarding the interpretation of this Court's July 14, 2020 order on Petitioners' motion for a preliminary injunction.[1] The parties' positions have been fully set forth, including in the Joint Status Report filed November 17, 2020.

## I.     BACKGROUND

This action is brought on behalf of inmates at FCI Lompoc and USP Lompoc (collectively, "Lompoc") challenging the Director of the Bureau of Prisons ("BOP") and Warden of Lompoc's response to the COVID-19 pandemic. The Complaint asserts two causes of action: (1) Unconstitutional Conditions of Confinement in Violation of the Eighth Amendment to the U.S. Constitution pursuant to 28 U.S.C. §§ 2241, 2243; (2) and Unconstitutional Conditions of Confinement in Violation of the Eighth Amendment to the U.S. Constitution pursuant to U.S. Const, Amend. VIII; 28 U.S.C. § 1331; 5 U.S.C. § 702. On July 14, 2020, the Court granted Petitioners' motion for a preliminary injunction to require Respondents to make "full and speedy use of their authority under the CARES Act and evaluate each class member's eligibility for home confinement which gives substantial weight to the inmate's risk factors for severe illness and death from COVID-19 based on age (over 50) or Underlying Health Conditions." (Dkt. No. 45 (the "Preliminary Injunction Order").)

Since the Preliminary Injunction Order, Respondents have evaluated approximately 1200 class members' eligibility for home confinement. Home

---

[1] The parties agreed to convert Petitioners' *Ex Parte* Application for a Temporary Restraining Order was converted into an expedited motion for a preliminary injunction. (Dkt. Nos. 41, 42.)

confinement has been granted to 127 of those class members, with the remainder being denied. A further 452 class members currently are being evaluated for home confinement.

## II.  DISCUSSION

The parties continue to dispute whether Respondents are complying with this Court's Preliminary Injunction Order to make "full and speedy use of their authority under the CARES Act and evaluate each class member's eligibility for home confinement which gives substantial weight to the inmate's risk factors for severe illness and death from COVID-19 based on age (over 50) or Underlying Health Conditions." Petitioners contend that Respondents have been relying on factors not set out in the relevant BOP guidance—primarily BOP's May 8 Memo—and which run counter to Attorney General's Barr's directive to "maximize appropriate transfers to home confinement." In particular, Petitioners contend that Respondents continue to disqualify inmates from home confinement because they have not yet served half of their sentence or because they have a prior offense that is a crime of violence, a sex crime, or was related to terrorism. Neither factor finds support in the May 8 Memo. Moreover, Petitioners contend that Respondents rely on these and other factors as categorical bars to home confinement instead of employing the holistic approach mandated by the directives issued by Attorney General Barr, BOP officials, and this Court.[2] Petitioners have provided numerous examples of home confinement review worksheets where inmates were denied home confinement on the basis of factors not contained in any applicable BOP guidance.

In response, Respondents contend they are complying with BOP's May 8 Memo and that, in any event, this Court is prohibited from reviewing any decision

---

[2]  The Court notes that BOP issued a memorandum containing updated home confinement review criteria on November 16. Respondents have conceded, however, that this updated memorandum does not apply to class members at FCC Lompoc.

regarding where to house an inmate and so cannot grant the relief requested. This Court is not, however, asked to—nor does it here attempt—to review any decision of where to house a particular inmate. Rather, this Court is simply asked to order that Respondents conduct home confinement reviews in a way that faithfully adheres to all applicable guidance from the Attorney General and BOP, as well as this Court's previous order to "make full and speedy use of their authority under the CARES Act" and "give[] substantial weight to the inmate's risk factors for severe illness and death from COVID-19 based on age (over 50) or Underlying Health Conditions."

Relatedly, the parties dispute whether Respondents are making "full and speedy use of their authority under the CARES Act" to transfer class members to home confinement following a determination that they are eligible for home confinement. Petitioners contend that the multiple weeks of delay between approval and transfer caused by administrative processes and Respondents' practice of quarantining inmates for up to 28 days before transfer to home confinement—despite the CDC recommending only 14 days of quarantine—shows that Respondents are not making "full and speedy use of their authority." Despite being granted home confinement months ago, at least 38 inmates still do not have projected transfer dates. Respondents contend they are moving quickly, but have yet to provide adequate explanations for these delays.

## III. CONCLUSION

Having reviewed the parties' submissions on these issues, the Court **ORDERS** as follows:

1. Within 28 days, Respondents shall re-evaluate for home confinement all class members denied home confinement and shall:

    a) assign substantial weight to the inmate's risk factors for severe illness and death from COVID-19 based on age (over 50) or Underlying Health Conditions;

b) eliminate all requirements that the class member have served some portion of his or her sentence in order to be eligible for home confinement;

c) eliminate as a categorical exclusion to eligibility for home confinement any requirement that a class member:

    i) not have a primary or prior offense that is violent, sexual, or terrorism-related in nature;

    ii) be without incident reports in the past 12 months, regardless of the severity level;

    iii) have a PATTERN score of LOW or lower.

d) Within 28 days, Respondents shall submit a declaration identifying the additional class members approved for transfer to home confinement and specifying for each approved class member whether he has already been transferred and, if not, the anticipated date of transfer.

2. Respondents shall complete all steps necessary to finalize the transfer of class members granted home confinement within two weeks of each grant. If Respondents are unable to meet this deadline for any particular class member, they shall show good cause to this Court as to why they are unable to do so;

3. As recommended by the CDC, Respondents cannot quarantine class members granted home confinement for a period longer than 14 days before completing their transfer to home confinement. If Respondents are unable to meet this deadline for any particular class member, they shall show good cause to this Court as to why they are unable to do so.

4. Respondents shall abide by this order for all future home confinement reviews of new class members.


**IT IS SO ORDERED.**

DATED:

________________________________________

Hon. Consuelo B. Marshall
United States District Judge