UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-4450-CBM-(PVCx) | Date | May 6, 2021 |
| Title | *Torres et al. v. Milusnic et al.* | | |

Present: The Honorable CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings: **IN CHAMBERS- ORDER RE: RESPONDENTS'** *EX PARTE* **APPLICATION FOR ORDER PROVIDING LEGAL REPRESENTATION FOR COURT'S RULE 706 EXPERT [234]**

The matter before the Court is Respondents' *Ex Parte* Application for Order Providing Legal Representation for Court's Rule 706 Expert (the "Application"). (Dkt. No. 234.) Petitioners filed an opposition to the Application. (Dkt. No. 236.)

Respondents' Application seeks an order from the Court appointing legal counsel to represent the Rule 706 expert, Dr. Homer Venters, during his May 24, 2021 deposition, and request that the Court "propose counsel for its expert, consider objections from the parties to that candidate (if any are made), and then issue an order appointing that counsel." The Application is **DENIED**.

No authority was cited by the parties regarding representation of a court appointed expert during a deposition, and the Court is unaware of any such authority. *Oracle America, Inc. v. Google Inc.*, Case No. C 10-03561 WHA (N.D. Cal.), cited by Respondents, does not address appointment of counsel for representation during a deposition. (*See* Application, Ex. A (*Oracle America, Inc. v. Google Inc.*, Case No. C 10-03561 WHA, Order Regarding Counsel For Rule 706 Expert ("The Court is pleased to advise that attorney John Cooper of Farella Braun + Martel LLP has agreed to represent the Rule 706 expert (with the expert's consent) on a *pro bono* basis. Attorney Cooper will assist with formulating an appropriate description of the witness's assignment and with coordinating the mechanics of access to evidentiary materials and the procedures for payment by the two litigants.")).)

The parties represent that Mr. Chavez has been retained by Dr. Venters to represent him during his deposition. Respondents' objection to Dr. Venters' retention of Mr. Chavez is **OVERRULED**. The record before the Court demonstrates that while Mr. Chavez has represented inmates in private practice, Mr. Chavez also represented the Bureau of Prisons while he was employed by the U.S. Department of Justice. Moreover, Mr. Chavez has not worked with Petitioners' counsel on any case for 15 years and Petitioners' counsel declares he has

not discussed the merits of this case with Mr. Chavez.  (Specter Decl. ¶¶ 5, 6.)  Moreover, Respondents state in their Application that "Mr. Chavez's professionalism as an attorney is not in doubt."  (Application at 7.)  Accordingly, Mr. Chavez shall be permitted to represent Dr. Venters at his deposition in this action.

Therefore, Petitioners' request that the Court "permit Dr. Venters to be represented by his retained counsel" Mr. Chavez is **GRANTED**.  Petitioners' alternative request to allow each party to propose an attorney for the Court's consideration to represent Dr. Venters during his deposition is **DENIED AS MOOT**.

**IT IS SO ORDERED.**