

FILED
CLERK, U.S. DISTRICT COURT
NOVEMBER 18, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ YS _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  CONSUELO B. MARSHALL

From: Y. Skipper _____, Deputy Clerk    Date Received: NOVEMBER 12, 2021

Case No.: CV 20-4450-CBM(PVCx)    Case Title: Yonnedil Carror Torres et al v. Louis Milusnic et al

Document Entitled: Motion, Notice of motion for contempt, Affidavit, dated 11/8/21, from JASON NEWLING

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ Local Rule 11-3.1 | Document not legible |
| ☐ Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ Local Rule 11-4.1 | No copy provided for judge |
| ☐ Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☑ Local Rule 83-2.5 | No letters to the judge |
| ☐ Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ Other: | This is a class action and the class is represented by class counsel and class representatives. Motions and pleadings must be filed by class counsel. You should contact class counsel. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date    U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

NOVEMBER 18, 2021    _____
Date    U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

COPY 1 -ORIGINAL-OFFICE    COPY 2 -JUDGE    COPY 3 -SIGNED & RETURNED TO FILER    COPY 4 -FILER RECEIPT

NAME:  JASON NEWLING

FEDERAL REGISTER NUMBER:  75216-112

FCI LOMPOC SATELLITE CAMP

3705 WEST FARM ROAD

LOMPOC, CALIFORNIA 93436-2756

IN PRO SE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF SOUTHERN CALIFORNIA

| | |
|---|---|
| **JASON NEWLING**, | ) |
| Plaintiff-Class Member, | ) |
| | ) CASE  No.:  CV  20-4450-CBM-PVC(x) |
| v. | ) |
| | ) NOTICE OF HEARING |
| MILUSNIC, ET. AL., | ) |
| | ) MOTION FOR CONTEMPT |
| Defendants-Respondents. | ) |
| | ) |

PLEASE TAKE NOTICE that on _____, 2021,

at _____ a.m. PST, in the above-cited Court located in Los Angeles,

California, the Plaintiff - Class Member will move this Honorable Court for

an Order of Contempt.  The Request will be made pursuant to the attached

Motion, Supporting Documents and Affidavit.

Dated this __8__ day of _November_, 202_1_.

_____
Signature, Plaintiff-Class Member

NAME:  JASON NEWLING

FEDERAL REGISTER NUMBER: 75216-112

FCI LOMPOC SATELLITE CAMP

3705 WEST FARM ROAD

LOMPOC, CALIFORNIA 93436-2756

IN PRO SE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF SOUTHERN CALIFORNIA

| | |
|---|---|
| **JASON NEWLING**, | ) ) |
| Plaintiff-Class Member, | ) ) CASE No.: CV 20-4450-CBM-PVC(x) |
| v. | ) ) MOTION FOR CONTEMPT |
| MILUSNIC, ET. AL., | ) ) |
| Defendants-Respondents. | ) ) ) |

## RELIEF SOUGHT

JASON NEWLING                    , [hereinafter "Plaintiff-Class Member"],

moves this Honorable Court for an Order:

1. Requiring Bureau of Prisons, Lompoc Federal Correctional Complex,

[hereinafter "Defendants-Respondents"] to appear before this Court to Show

Cause, if any there be, why Defendants-Respondents, should not be held in

Contempt of Court for neglect and refusal to comply with and obey the

Judgment ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED

STATES MAGISTRATE JUDGE issued by this Court on August 27, 2021, and;

//

//

2. That Defendants-Respondents be required to Show Cause before this Court why it/they should not be so held in Contempt of Court, and;

3. That, after Hearing, Defendants-Respondents be adjudged Guilty of Contempt of this Court and Ordered:

a. To suffer whatever Sanction is deemed by this Court sufficient to compel Defendants-Respondents to comply with this Honorable Court's Orders, including, but not limited to:

I. Payment of a fine of Fifty Thousand Dollars, ($50,000.00), per day, for each calendar day Defendants-Respondents remain in Contempt of this Court.

II. Payment to Plaintiff-Class Member, the sum of Fifty Thousand Dollars, ($50,000.00), per day, for each calendar day thereafter Defendants-Respondents remain in Contempt of this Court, as damages occasioned by the Contempt.

## GROUNDS FOR RELIEF

The Order of Civil Contempt sought by this Motion is an appropriate and proper remedy because:

1. On August 27, 2021, this Honorable Court issued an Order directed at Defendants-Respondents.

[The August 27, 2021 Order in TORRES v. MILUSNIC, in its entirety is fully incorporated herein, and made a part hereof].

2. This Order has been in full force and effect since its entry on August 27, 2021, and a copy of the Order was served on Defendants-Respondents on August 27, 2021, and since the date of service, Defendants-Respondents have at all times had full knowledge of the Rendered Order.

//

//

3.   Defendants-Respondents have violated, failed, neglected and refused to fully comply with and have disobeyed and disregarded the provisions of the August 27, 2021 Order.

4.   By reason of the failure and refusal of Defendants-Respondents to comply with the provisions of this Court's Order, the Plaintiff-Class Member has and will continue to suffer great irreparable injury and other monetary injury.

5.   The Defendants-Respondents reason of failure and refusal to obey and comply with the entirety of the August 27, 2021 Order, is calculated to impair, defeat, impede and prejudice the rights of the Plaintiff-Class Member by denying him a fair decision under the requirement of the CARES Act.

[The CARES Act in its entirety is fully incorporated herein and made a part hereof].

6.   Unless this Court acts as requested in this Motion, the Plaintiff-Class Member will lose the benefit of this Honorable Court's Order in this matter and Plaintiff-Class Member will suffer further damages and other harm not compensable by damages.

### RECORD ON MOTION – SUPPORTING MATERIAL

This Motion is based on this document [Motion for Contempt], the attached Notice of Hearing, the Certificate of Service, the supporting Affidavit of Plaintiff-Class Member and Exhibits attached, the Pleadings, Papers and Records already on file in this action, and whatever evidence and argument is presented at the Hearing of this Motion.

//

//

//

Executed this ___8th___ day of ___NOVEMBER_____ , 20 21 .


By: _____
    Signature: Plaintiff-Class Member


    JASON NEWLING
    _____
    Printed Name: Plaintiff-Class Member.

SUBJECT: ACLU DOC 290
DATE: 06/28/2021 01:06:21 AM

Page 1

Case No. CV 20-4450 CBM (PVCx)
ORDER ACCEPTING FINDINGS,
CONCLUSIONS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

  Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioners' Motion to Enforce
Compliance with Preliminary Injunction, all the related records and files herein, the
Amended Report and Recommendation of the United States Magistrate Judge,
Respondents' Objections to the Amended Report and Recommendation, and Petitioners'
Reply to the Objections. After having made a de novo determination of the portions of the
Amended Report and Recommendation to which Objections were directed, the Court
concurs with and accepts the findings and conclusions of the Magistrate Judge.
  Respondents are ORDERED to take the following actions:

Page 2

1. Within 28 days, Respondents shall re-evaluate any class member who was denied
home confinement where the only reason given for the denial was the amount of
time served or percentage of sentence served, or some other variation of a time
component. On such a re-evaluation, Respondents shall:
(a) assign substantial weight to the class member's risk factors for severe
illness and death from Covid-19 based on age (over 50) or Underlying
Health Conditions; and
(b) if home confinement is denied, provide a declaration explaining in detail
why the class member's length of time served or percentage of sentence
served, solely or in combination with other newly-found factors
substantially outweighs the class member's risk factors for severe illness
and death from COVID-19.
  This requirement shall also apply to future class members and those who have yet
to be evaluated for home confinement.
2. Within 28 days, Respondents shall re-evaluate any class member who was denied
home confinement where the only stated reason was a prior offense. On such a re-
evaluation, Respondents shall:
(a) assign substantial weight to the class member's risk factors for severe illness
and death from Covid-19 based on age (over 50) or Underlying Health
Conditions; and
(b) if home confinement is denied, provide a declaration explaining in detail
why the class member's prior offense, solely or in combination with other
newly-found factors, substantially outweighs the class member's risk factors
for severe illness and death from COVID-19.
This requirement shall also apply to future class members and those who have yet
to be evaluated for home confinement.

Page 3

3. Respondents shall complete all steps necessary to finalize the transfer of class
members granted home confinement within one month of each grant. Respondents
shall not quarantine any class member granted home detention for longer than
eighteen days. If Respondents are unable to meet these deadlines for any particular
class member, they shall submit a declaration to this Court showing good cause as
to why they are unable and took no later than one month and one week to finalize the
grant for such member.

4. For all individuals currently in BOP custody who are designated to be transferred to FCC-Lompoc in the future, Respondents shall:

(a) provide those individuals with a notice of the class definition as soon as reasonably practicable prior to their arrival at FCC Lompoc.

(b) inform them that they are entitled to submit documentation showing their eligibility to be a class member,

(c) immediately add eligible inmates to the class list if it is possible to determine eligibility for class membership from the face of the inmates' submissions and other prison records, and

(d) initiate a review of the inmates for home confinement within fourteen days after the inmate arrives at FCC Lompoc, and complete the review fourteen days after the review is initiated.

For those individuals who are to surrender to FCC Lompoc but are not in BOP

Page 4

custody or at another institution, this process is to occur once they physically arrive at the institution within the same deadlines.

IT IS SO ORDERED.

DATED: AUGUST 27, 2021

CONSUELO B. MARSHALL

UNITED STATES DISTRICT JUDG

NAME:   JASON NEWLING

FEDERAL REGISTER NUMBER:   75216-112

FCI LOMPOC SATELLITE CAMP

3705 WEST FARM ROAD

LOMPOC, CALIFORNIA 93436-2657

IN PRO SE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF SOUTHERN CALIFORNIA

JASON NEWLING,                         )
                                       )
        Plaintiff - Class Member,      )    CASE No: CV 20-4450-CBM-PVC(x)
                                       )
v.                                     )    AFFIDAVIT IN SUPPORT OF
                                       )    MOTION FOR CONTEMPT
MILUSNIC, ET. Al.,                     )
                                       )
        Defendants - Respondents.      )
                                       )

AFFIDAVIT OF   JASON NEWLING

STATE OF CALIFORNIA              )
                                 )
COUNTY OF SANTA BARBARA          )

-1-

I, JASON NEWLING, "Affiant," hereby state the following facts:

1.   On or about 6-19-2020, Central Programs Division [CPD] approved me for home confinement pursuant to the CARES Act.

2.   On 11/11/2020, I received an e-mail reply from the FCI Lompoc Satellite Camp Unit Manager, stating therein that I had been **DENIED** for the CARES Act by CPD on 8-13-2020, due to the **totality of circumstances,** to include medical risk factors, **time served,** and seriousness of current offense.  [Exhibit 1].

3.   Pursuant to the July 14, 2020 Court Order, items #1 and #2 hereinabove were/are issued in **CONTEMPT** of the 7-14-2020 Court Order.

4.   On June 15, 2021, I submitted an "INMATE REQUEST TO STAFF" to the Unit Manager, to "inquire whether my file has been re-evaluated for home confinement [pursuant] to the court[s] order in the Torres Matter." [Exhibit 2].

5.   On 6/29/2021, I received a reply from the Unit Manager stating: "PRD 4.6.2026; Percentage of statutory term served 22.7%; You do not meet the current criteria, under CARES Act, at this time.  You may appeal utilizing the Administrative Remedy Process."

6.   Pursuant to the 7-14-2020 Court Order, item #5 hereinabove was issued in **CONTEMPT** of the 7-14-2020 Court Order.

7.   On August 2, 2021, I submitted a "REQUEST FOR ADMINISTRATIVE REMEDY" [BP-9] to the FCI Lompoc Warden, challenging thee 6/29/2021 reply from the FCI Lomopoc Satellite Camp Unit Manager [Exhibit 3].

//

//

//

//

//

**8.** On 9/16/2021, I received a response to my Request For Administrative Remedy [Exhibit 3], "in which you are appealing your denial of home confinement." Therein, the Warden stated: "Accordingly, your Request ... is denied, citing:

Specifically...

**a)** due to your role in your current offense wherein you were a leader using funds from your clients trust accounts for personal use;

**b)** abused your position of trust in a manner that significantly facilitated the concealment of the offense, defrauding at least 40 victims;

**c)** coupled with the **time remaining to serve in your sentence**;

**d)** all which presents a public safety concern.  [Exhibit 4].

**9.** In **CONTEMPT** of the 8-27-2021 Second Court Order, the Warden **DENIED** me home confinement in part for percentage of time served.

**10.** On 11-6-2021 7:21 PM PST, I submitted an e-mail to the FCI Lompoc Satellite Camp Unit Manager asking: "Have I been re-evaluated for the CARES Act pursuant to Judge Marshall's August 27, 2021 Court Order...? [Exhibit 5].

**11.** On 11-7-2021 09:02:02 AM PST, in an e-mail reply, the Unit Manager replied:  "You were reviewed again on 8-25-2021...". [Exhibit 5].

**12.** Pursuant to the admission in item #11 hereinabove, in **CONTEMPT** of the August 27, 2021 Court Order, I have **NOT** been re-evaluated for the CARES Act, (I was last re-evaluated 2 days prior to the rendered court order).


JASON NEWLING
AFFIANT

-3-

# Exhibit #1

Exhibit #1

RULINCS  75216112 - NEWLING, JASON - Unit: LOM-A-A

--------------------------------------------------------------------------------

FROM: Camp Unit
TO: 75216112
SUBJECT: RE:***Inmate to Staff Message***
DATE: 11/11/2020 09:17:01 AM

You were denied for the CARES act by CPD on 8-13-2020, due to the totality of circumstances, to include medical risk factors,
time served, and seriousness of current offense.
You will be reviewed for HC/RRC 17-19 months from your release date.

>>> ~^!"NEWLING, ~^!JASON" <75216112@inmatemessage.com> 11/10/2020 5:15 PM >>>
To: CARLONE
Inmate Work Assignment: VT Meats

Ms Carlone,

    It has been a while since I brought this up but my CARES Act file was completed back in July when on 7/9/20 Camacho
notified me that the US Probation office returned their approved home inspection (home confinement) report and that my file
was all complete. I was then waiting "any day" for a date to be released. Since then, the ACLU lawsuit froze the CARES Act
files which implemented a different review process in order to satisfy the lawsuit.
    -CARES Act is still active legislation

·I would like to know when you will finish my CARES Act process?
Do I need to file any additional paperwork?


Thank you
Jason Newling

# Exhibit #2

Exhibit #2

BP-A0148
HSLC 10

INMATE REQUEST TO STAFF

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
| Ms. Carlone | June 15, 2021 |
| FROM: Jason Newling | REGISTER NO.: 75216-112 |
| WORK ASSIGNMENT: FCI Orderly | UNIT: B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

As you are aware, I was previously approved for home confinement on or about June 19, 2020 and executed papers confirming the same with your office. Subsequently, on or about August 13, 2020 CPD rescined the prior appoval.

At this time, I am writing to inquire whether my file has been re-evaluated for home confinement given the courts order in the Torres Matter. Please advise at your earliest convince as to the status of any re-evaluation of my case.                                    (over →)

(Do not write below this line)

DISPOSITION:

PRD 4.6.2026
Percentage of statutory term served 22.7%

You do not meet the current criction, under Cares Act, at this time. You may appeal utilizing the Administrative Remedy Process.

| Signature Staff Member | Date |
| | 6/29/2021 |

Record Copy - File; Copy - Inmate

PDF

Prescribed by HSLL

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

SECTION 6

# Exhibit #3

Exhibit #3

PARTMENT OF JUSTICE                                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
al Bureau of Prisons                      JS07-29-2021

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **NEWLING, JASON**                    **75216-112**        **BETA**        **LOX SOUTH CAMP**
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT            INSTITUTION

**Part A– INMATE REQUEST**     On June 29, 2020, FCC Lompoc Satellite Camp Unit Manager, Y. Carlon,
replied to an Inmate Request To Staff, (dated June 15, 2021, attached hereto as Exhibit
"A"), stating therein:

"PRD 4.6.2026
Percentage of Statutory Time Served 22.7%
You do not meet the current criteria, under CARES Act, at this time.  You may appeal utilizing
the Administrative Remedy Process."

Pursuant to Judge Consuelo B. Marshall's July 14, 2020 Court Order, there are **NO** stipulations
therein regarding "percentage of time served" being a condition to **NOT** grant Home Confinement
pursuant to the CARES Act.   Therefore, in accordance with that July 14, 2020 Court Order,
I respectfully request you evaluate my eligibility for Home Confinement giving **SUBSTANTIAL
WEIGHT** in that evaluation to my **RISK FACTORS** for severe illness or death from COVID-19 based
on age **OR** Underlying Health Conditions, disregarding **ANY AND ALL** consideration regarding
percentage of time served.   Time is of the essence.

**AUGUST 2, 2021**                                           _____
          DATE                                                SIGNATURE OF REQUESTER
**Part B– RESPONSE**



                                                             _____
          DATE                                                WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*
**ORIGINAL: RETURN TO INMATE**                               CASE NUMBER: _____

                                                             CASE NUMBER: 109037I-F

**Part C– RECEIPT**
Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT         INSTITUTION
SUBJECT: _____

      _____                    _____
          DATE                                 RECIPIENT'S SIGNATURE (STAFF MEMBER)
USP LVN              PRINTED ON RECYCLED PAPER                        BP-229(13)
                                                                     APRIL 1982

# Exhibit #4

Exhibit #4

LOM - 1090371-F1
Part B - Response


This is in response to your Request for Administrative Remedy, received August 9, 2021, in which you are appealing your denial of home confinement.  As relief, you request to be reconsidered for home confinement.

You were reviewed for home confinement under the CARES Act. Based on the totality of circumstances, you were determined not appropriate for placement on home confinement under the CARES Act.  Wardens are the final decision authority for referrals related to the CARES Act.  The Warden will recommend cases for inmates outside of the criteria to Central Office for consideration as an exception case.  It was determined you would not be recommended as an exception case that warrants a review by Central Office.  Specifically, due to your role in your current offense wherein you were a leader using funds from clients trust accounts for personal use, and abused your positon of trust in a manner that significantly facilitated the concealment of the offense, defrauding at least 40 victims, coupled with the time remaining to serve in your sentence, all which presents a public safety concern.  Additionally, you were judicially recommended to complete RDAP while incarcerated to assist with your history of marijuana abuse.  You were provided an opportunity to review the decision on August 31, 2021.

Accordingly, your Request for Administrative Remedy is denied. If you are not satisfied with this reply, you may submit an appeal on the appropriate form (BP-10) to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7338 Shoreline Drive, Stockton, CA, 95219, within 20 calendar days of the date of this response.


_____          9/16/2021
Gabriel Gutierrez, Acting Warden          Date

# Exhibit #5

Exhibit #5

TRULINCS  75216112 - NEWLING, JASON - Unit: LOM-A-A

--------------------------------------------------------------------------------

FROM: Camp Unit
TO: 75216112
SUBJECT: RE:***Inmate to Staff Message***
DATE: 11/07/2021 09:02:02 AM

You were reviewed again on 8-25-2021, and had an opportunity to review the decision.

>>> ~^!"NEWLING, ~^!JASON" <75216112@inmatemessage.com> 11/6/2021 7:21 PM >>>
To: Ms. Carlon
Inmate Work Assignment: FCI Orderly

Ms. Carlon,

Have I been re-evaluated for the CARES Act pursuant to Judge Marshall's August 27, 2021 Court Order? If I have been re-evaluated, please provide me with the date and the status of that re-evaluation (approved/denied). If I was denied, please provide me the reason(s) for denial.

Regards,
Jason Newling

75216-112

Jason Newling
3705 W Farm Road
Lompoc, CA 93436
United States





**AND RETURNED-YS**

CLERK, U.S. DISTRICT COURT

NOV

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

CBM

Central District of California - Los Angeles Di...
United States District Court
Clerk of the Court
312 North Spring Street, Room G-8
Los Angeles, CA 90012