# EXHIBIT 1

2021 WL 5858570
Only the Westlaw citation is currently available.
United States Court of Appeals, Ninth Circuit.

Melissa AHLMAN; Daniel Kauwe; Michael Seif; Javier Esparza; Pedro Bonilla;
Cynthia Campbell; Monique Castillo; Mark Trace; Cecibel Caridad Ortiz; Don
Wagner, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees,

v.

Don BARNES, in his official capacity as Sheriff of Orange
County, California; County of Orange, Defendants-Appellants.

Nos. 20-55568, 20-55668
|
Argued and Submitted September 1, 2021 Pasadena, California
|
Filed December 10, 2021

**Synopsis**
**Background:** Inmates filed putative class action under § 1983 against county and sheriff, alleging failure to effectively combat
COVID-19 within jails. The United States District Court for the Central District of California, Jesus G. Bernal, J., 445 F.Supp.3d
671, granted inmates' motion for provisional class certification and issued preliminary injunction under Prison Litigation Reform
Act (PLRA), requiring county to implement increased protective measures. The District Court denied a stay pending appeal.
The United States Court of Appeals for the Ninth Circuit, 2020 WL 3547960, also denied a stay, and remanded to determine
whether modification or dissolution of preliminary injunction was warranted. The District Court did not dissolve the preliminary
injunction, but granted inmates' motion for expedited discovery. County then filed new notice of appeal of District Court's
orders on remand. In the meantime, the United States Supreme Court, Justice Kagan, 140 S.Ct. 2620, 207 L.Ed.2d 1150, granted
county's emergency application for stay, staying preliminary injunction pending disposition of appeal in the Ninth Circuit.

**Holdings:** The Court of Appeals, R. Nelson, Circuit Judge, held that:

preliminary injunction issued under PLRA expired after 90 days by operation of law;

exception to mootness doctrine for disputes that are capable of repetition yet evade review did not apply; and

provisional class certification expired along with preliminary injunction.

Appeal dismissed.

**Procedural Posture(s):** On Appeal; Motion for Preliminary Injunction; Request or Application for Class Certification.

Appeal from the United States District Court for the Central District of California, Jesus G. Bernal, District Judge, Presiding,
D.C. No. 8:20-cv-00835-JGB-SHK.

**Attorneys and Law Firms**

Kayla N. Watson (argued), Deputy County Counsel; D. Kevin Dunn (argued) and Rebecca S. Leeds, Senior Deputies County Counsel; Laura D. Knapp, Supervising Deputy County Counsel; Leon J. Page, County Counsel; Office of the County Counsel, Santa Ana, California; for Defendants-Appellants.

Stacey Grigsby (argued) and Amia Trigg, Covington & Burling LLP, Washington, D.C.; Mitchell Kamin and Aaron Lewis, Covington & Burling LLP, Los Angeles, California; Paul Hoffman, Schonbrun Seplow Harris & Hoffman LLP, Hermosa Beach, California; John Washington, Schonbrun Seplow Harris Hoffman & Zeldes LLP, Los Angeles, California; Cassandra Stubbs, American Civil Liberties Union Foundation, Durham, North Carolina; Carl Takei, American Civil Liberties Union Foundation, New York, New York; Zoe Brennan-Krohn, American Civil Liberties Union Foundation, Immigrants' Rights Project, San Francisco, California; Peter Eliasberg, American Civil Liberties Fund of Southern California, Los Angeles, California; for Plaintiffs-Appellees.

Before: Sandra S. Ikuta, Mark J. Bennett, and Ryan D. Nelson, Circuit Judges.

## OPINION

R. NELSON, Circuit Judge

Several inmates in Orange County jails brought § 1983 and other federal claims against the County and the sheriff for alleged failure to combat COVID-19. The district court granted Plaintiffs' provisional class certification and issued a preliminary injunction under the Prison Litigation Reform Act ("PLRA"). Because the PLRA provides that any preliminary injunction automatically expires 90 days after being issued (absent further finalization), the injunction and provisional class certification are no longer in effect. We therefore dismiss the appeal as moot.

I

Several inmates sued the County of Orange ("County"), alleging an unconstitutional failure to effectively combat COVID-19 within the jails. Plaintiffs sought a preliminary injunction under the PLRA, along with provisional class certification for purposes of seeking that preliminary injunction. The district court granted provisional class certification and granted in part and denied in part Plaintiffs' application for a preliminary injunction.

The preliminary injunction required the County to provide "adequate spacing of six feet or more between incarcerated people"; self-hygiene supplies such as hand soap, paper towels, hand sanitizer, and disinfectant products; and "access to daily showers ... [and] clean laundry, including clean personal towels and washrags after each shower." The County also had to "require that all Jail staff wear personal protective equipment, ... wash their hands, apply hand sanitizer, ... or change their gloves both before and after interacting with any person or touching surfaces." Finally, the County had to (1) "take the temperature of all class members, Jail staff, and visitors daily"; (2) "assess (through questioning) each incarcerated person daily to identify potential COVID-19 infections"; (3) "conduct immediate testing for anyone ... displaying known symptoms of COVID-19"; (4) "respond to all emergency ... requests for medical attention within an hour"; (5) "waive all medical co-pays for those experiencing COVID-19-related symptoms"; and (6) "ensure that individuals identified as having COVID-19 or having been exposed to COVID-19 receive adequate medical care and are properly quarantined ... in a nonpunitive setting, with continued access to showers, recreation, mental health services, reading materials, phone and video visitation with loved ones, communications with counsel, and personal property."

The district court denied a stay pending appeal. So did this court, in a split disposition. *See Ahlman v. Barnes*, No. 20-55568, 2020 WL 3547960, at *5 (9th Cir. June 17, 2020). We remanded the case to the district court to determine in the first instance

whether changed circumstances warranted modification or dissolution of the preliminary injunction. *Id.* One judge dissented in part and would have granted the stay because the order granting the preliminary injunction was "wrong both on the law and the facts," and required the County "to comply with safety requirements *exceeding* the CDC's Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities." *Id.* at *5–6 (R. Nelson, J., concurring in part and dissenting in part) (emphasis in original). Moreover, the County had implemented "increased protective measures ... well prior to the issuance of the injunction ... [which] resulted in a drastically *decreased* COVID-19 infection rate within the jail." *Id.* at *5 (R. Nelson, J., concurring in part and dissenting in part) (emphasis in original). Thus, the County was "likely to succeed on the merits" of the constitutional challenges. *Id.* at *6 (R. Nelson, J., concurring in part and dissenting in part).

**\*3** On remand, the district court did not dissolve the preliminary injunction, but granted Plaintiffs' motion for expedited discovery. The County then filed this new notice of appeal of the district court's orders on remand. In the meantime, however, the United States Supreme Court granted the County's emergency application, staying the preliminary injunction pending disposition of the appeal in the Ninth Circuit and, as appropriate, at the Supreme Court. *Barnes v. Ahlman*, —— U.S. ——, 140 S. Ct. 2620, 2620, 207 L.Ed.2d 1150 (2020). [1]

Plaintiffs then moved to dismiss this appeal as moot. They argue that the preliminary injunction automatically expired 90 days after its issuance under the PLRA. The County argues that the appeal is not moot because the Supreme Court stay "suspend[s] in place" the injunction, thus keeping it alive beyond its expiration; and, in any event, the issue is capable of repetition and will evade review.

## II

The district court had subject matter jurisdiction under 28 U.S.C. § 1331. We have "jurisdiction to review a grant of a preliminary injunction under 28 U.S.C. § 1292(a)(1)." *Chamber of Com. of U.S. v. Bonta*, 13 F.4th 766, 773 n.1 (9th Cir. 2021). Before reaching the merits of the appeal, however, "we first address ... the question of mootness," because when an appeal is moot, we "lack[ ] jurisdiction and must dismiss the appeal." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016). "Generally, the expiration of an injunction challenged on appeal moots the appeal." *Norbert v. City & Cnty. of San Francisco*, 10 F.4th 918, 926–27 (9th Cir. 2021) (cleaned up).

## III

### A

The district court issued the preliminary injunction under the PLRA. *See* 18 U.S.C. § 3626. The PLRA states that any prospective relief relating to prison conditions must be narrowly drawn, go no further than necessary, and be the least intrusive remedy. *Id.* § 3626(a)(1)(A). The statute provides more limitations for preliminary injunctions: the injunction "shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) ... and makes the order final." *Id.* § 3626(a)(2).

"We begin with the statutory text, and end there as well if the text is unambiguous. When the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Connell v. Lima Corp.*, 988 F.3d 1089, 1097 (9th Cir. 2021) (cleaned up). The statutory text of the PLRA unambiguously states that any preliminary injunction expires automatically after 90 days unless the district court makes subsequent required findings and makes the order final. The district court did not make such findings under § 3626(a)(1)(A). Given the plain statutory language, we have little pause in holding that the preliminary injunction has expired and this appeal is moot. *See Norbert*, 10 F.4th at 926–27. Other circuits to have considered this question have similarly held that preliminary injunctions issued under the PLRA expire automatically after 90 days, thus making a

pending appeal moot. *See, e.g., Ga. Advoc. Off. v. Jackson*, 4 F.4th 1200, 1210–11 (11th Cir. 2021); *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021).

**\*4** The County contends that the Supreme Court's emergency stay of the preliminary injunction saves this appeal from mootness because a stay holds "a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken v. Holder*, 556 U.S. 418, 421, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009); *see also Barnes*, 140 S. Ct. 2620. We disagree.

As the Supreme Court recognized, "[a] stay does not make time stand still." *Nken*, 556 U.S. at 421, 129 S.Ct. 1749. While the Supreme Court's stay may have prevented the injunction from having any further effect, it did not toll the 90-day limit unambiguously detailed in the PLRA. Indeed, the court's traditional equitable power is expressly proscribed by the PLRA's plain statutory limitations, as the Supreme Court has held in a similar PLRA provision in *Miller v. French*, 530 U.S. 327, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000). In *Miller*, the Supreme Court held that the PLRA automatic stay provision could not be enjoined by a court's equitable powers. *Id.* at 336–41, 120 S.Ct. 2246. Though courts should "not lightly assume that Congress meant to restrict the equitable powers of the federal courts, ... where Congress has made its intent clear, we must give effect to that intent." *Id.* at 336, 120 S.Ct. 2246 (cleaned up). The Court held that the PLRA's text, such as the use of "shall" instead of "may" and how it "specifie[d] the points at which the operation of the stay is to begin and end," "confirm[ed] that Congress intended to prohibit federal courts from exercising their equitable authority to suspend operation of the automatic stay." *Id.* at 337–38, 120 S.Ct. 2246. Thus, this provision of the PLRA was a clear enough congressional command to "displace [the] courts' traditional equitable authority." *Id.* at 340, 120 S.Ct. 2246.

Likewise, the PLRA provision here clearly "displace[s] [the] courts' traditional equitable authority." *Id.* Like the automatic stay provision in *Miller*, 18 U.S.C. § 3626(a)(2) uses a mandatory "shall" when explaining that preliminary injunctions "shall" expire 90 days after entered. Indeed, § 3626(a)(2) provides no way to extend a preliminary injunction other than making the injunctive relief final. Under the statute, a preliminary injunction shall automatically expire 90 days after entry "unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." § 3626(a)(2). The district court did not make the relevant findings under § 3626(a)(1)(A). Section 3626(a)(2) details the only way to extend an injunction issued under the PLRA beyond 90 days. The provision displaces the courts' traditional equitable power, which includes the power for a stay of the injunction to extend it beyond 90 days. Therefore, the injunction here has expired, and the County's appeal is moot.

The County still argues, however, that even if otherwise moot, the appeal falls within an exception to mootness because the issue is "capable of repetition, yet evading review." *Native Village of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1209 (9th Cir. 2021). "In order for [this] exception to apply, (1) the duration of the challenged action or injury must be too short to be fully litigated; and (2) there must be a reasonable likelihood that the same party will be subject to the action again." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013) (cleaned up). It is likely true that because of the brief duration of a preliminary injunction under the PLRA, many such appeals (as here) will not be fully litigated before the injunction expires. There is little reason to suspect, however, that the second factor is satisfied here.

**\*5** We have held that a reasonable expectation requires more than "a mere possibility that something *might* happen [because this] is too remote to keep alive a case as an active controversy." *Foster v. Carson*, 347 F.3d 742, 748 (9th Cir. 2003) (emphasis in original). The County argues that if this appeal is dismissed, Plaintiffs will likely request another injunction, thus satisfying the second factor of the "capable of repetition" test. But throughout this litigation, the County also maintained that circumstances had so changed since the original injunction issued that an injunction was no longer necessary.

Indeed, we previously remanded for the district court to reconsider just those changed circumstances. *See Ahlman*, 2020 WL 3547960, at \*5. There is already evidence that conditions at the jail have significantly improved. *See id.* at \*10–11 (R. Nelson, J., concurring in part and dissenting in part). And, given the Supreme Court's stay of the injunction, any subsequent injunction would have to be analyzed under the correct Constitutional framework. *See Barnes*, 140 S. Ct. at 2620; *Ahlman*, 2020 WL 3547960, at \*6–11 (R. Nelson, J., concurring in part and dissenting in part) (concluding the district court misapplied "the

Fourteenth Amendment's objective analysis [and the] Eighth Amendment's subjective analysis"). Thus, the chance that Plaintiffs successfully acquire another preliminary injunction, at least without significantly worse conditions than previously existed, is remote. Certainly, any subsequent injunction would be based on an entirely new set of factual circumstances. Because the second factor of the capable-of-repetition test is not satisfied, no exception to mootness applies. The appeal is therefore moot.

### B

To the extent the provisional class certification was proper under Federal Rule of Civil Procedure 23, we vacate it because it "depended on, and was in service of, its preliminary injunction. If the preliminary injunction is infirm, the class certification necessarily fails as well, regardless of whether class certification was otherwise proper under Federal Rule of Civil Procedure 23." *Fraihat v. U.S. Immigr. and Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021). Thus, the provisional class certification expired along with the preliminary injunction.

### IV

Because the district court's injunction was not expressly made final by the district court, the preliminary injunction expired 90 days after it was issued under the PLRA. As such, both the preliminary injunction and provisional class certification have expired and no longer have any legal effect.

**DISMISSED AS MOOT.**

**All Citations**

--- F.4th ----, 2021 WL 5858570

### Footnotes

1    For the Supreme Court to grant an application for a stay, "an applicant ... must demonstrate (1) a reasonable probability that [the Supreme] Court will grant certiorari, (2) a fair prospect that the court will then reverse the decision below, and (3) a likelihood that irreparable harm will result from the denial of a stay." *Barnes*, 140 S. Ct. at 2622 (Sotomayor, J., dissenting) (cleaned up).

**End of Document**                                                © 2021 Thomson Reuters. No claim to original U.S. Government Works.