| | |
|---|---|
| Terry W. Bird – Bar No. 49038<br>tbird@birdmarella.com<br>Dorothy Wolpert – Bar No. 73213<br>dwolpert@birdmarella.com<br>Shoshana E. Bannett – Bar No. 241977<br>sbannett@birdmarella.com<br>Kate S. Shin – Bar No. 279867<br>kshin@birdmarella.com<br>Oliver Rocos – Bar No. 319059<br>orocos@birdmarella.com<br>Christopher J. Lee – Bar No. 322140<br>clee@birdmarella.com<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile: (310) 201-2110<br><br>Naeun Rim – Bar No. 263558<br>nrim@manatt.com<br>Ima E. Nsien – Bar No. 304096<br>insien@manatt.com<br>David Boyadzhyan – Bar No. 311386<br>dboyadzhyan@manatt.com<br>MANATT, PHELPS & PHILLIPS, LLP<br>2049 Century Park East, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 312-4000<br>Facsimile: (310) 312-4224 | Donald Specter – Bar No. 83925<br>dspecter@prisonlaw.com<br>Sara Norman – Bar No. 189536<br>snorman@prisonlaw.com<br>Sophie Hart – Bar No. 321663<br>sophieh@prisonlaw.com<br>Patrick Booth – Bar. No. 328783<br>patrick@prisonlaw.com<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710<br>Telephone: (510) 280-2621<br>Facsimile: (510) 280-2704<br><br>Peter J. Eliasberg – Bar No. 189110<br>peliasberg@aclusocal.org<br>Peter Bibring – Bar No. 223981<br>pbibring@aclusocal.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 West 8th Street<br>Los Angeles, CA 90017<br>Telephone: (213) 977-9500<br>Facsimile: (213) 977-5297<br><br>C. Ryan Fisher – Bar No. 312864<br>cfisher@manatt.com<br>MANATT. PHELPS & PHILLIPS, LLP<br>695 Town Center Drive, 14th Floor<br>Costa Mesa, CA 92626<br>Tele: (714) 371-2500<br>Facsimile (714) 371-2550 |

Attorneys for Plaintiff-Petitioners Yonnedil Carror Torres, Vincent Reed, Felix Samuel Garcia, Andre Brown, and Shawn L. Fears

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YONNEDIL CARROR TORRES; *et al.*,<br><br>Plaintiff-Petitioners,<br><br>v.<br><br>LOUIS MILUSNIC, *et al.*,<br><br>Defendant-Respondents. | No. CV 20-4450-CBM-PVCx<br><br>**PETITIONER'S BRIEF REGARDING ADMISSIBILITY OF DR. VENTER'S REPORTS**<br><br>Honorable Consuelo B. Marshall<br>United States District Judge |

1

## I. Introduction

The Court should reject Respondents' argument that reports from the Court's appointed expert, Dr. Homer Venters, constitute inadmissible hearsay for purposes of summary judgment. Respondents seek to exalt form over substance to bring an end to a bellwether case of significant national importance concerning the treatment and welfare of those incarcerated at Lompoc during an ongoing pandemic. The approach demanded by Respondents is contrary to the directive of the Ninth Circuit, which has consistently admonished courts to dispose of cases on the merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits."). Indeed, the Court's substantial investment of time in this case has meant the difference between life and death for many class members who have passed through Respondents' custody. Such a case must rise and fall on the merits, not on procedural technicalities. *See Wilson v. Ponce*, No. CV 20-4451, 2021 WL 3494637, at *6 (C.D. Cal. Apr. 29, 2021) ("I don't intend to connive with the Bureau of Prisons in running out the pandemic clock through discovery disputes based on procedural technicalities").[1]

Respondents claim to have "black-letter law" on their side. Not so. *First*, contrary to Respondents' representations, courts have the discretion to consider unsworn expert reports at the summary judgment stage. *See* Fed. R. Civ. Proc. 56(c)(2). Where, as here, the reports were written by a Court-appointed expert, were filed as part of the case record, and have been relied upon by all parties[2] and the Court in previous motions and

---

[1] If Respondents wish to insist on extreme adherence to technicalities, Petitioners note that Respondents raised the objection to Dr. Venter's report for the first time in an attachment to their reply brief. This was improper, and the Court should overrule the objection as having been waived. *See Est. of Najera v. City of Anaheim*, No. 816CV01243JLSJCG, 2017 WL 10544043, at *2, fn.1 (C.D. Cal. July 10, 2017) (improper for defendants to raise hearsay objection to unsworn expert report for first time in summary judgment reply brief instead of bringing separate motion because doing so "denied [plaintiffs] an opportunity to respond").

[2] Respondents themselves have relied on Dr. Venters reports in past pleadings. *See, e.g.*, Dkt. 250 at 2, 4; Dkt. 267 at 2. "Judicial estoppel . . . bars inconsistent positions taken in the same litigation. . . ." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 778 (2009).

orders, there is little doubt that the contents of Dr. Venters' reports can and will be presented in admissible form at trial through the expert's direct testimony. *Second*, the Court is entitled to consider the reports under the residual hearsay exception because Dr. Venters is a Court-appointed, neutral expert, and his reports are highly probative of the disputed facts. *See* Fed. R. Ev. 807. At minimum, the Court may consider the reports for the purpose of evaluating the effect on the listener—in this case, for assessing Respondents' response, or lack thereof, to Dr. Venters' various recommendations. *Finally*, if the Court decides it will require an affidavit, that can easily be remedied, and Petitioners should be given an opportunity to cure. *See* Fed. R. Civ. P. 56(e)(1).

## II. Courts Have the Discretion to Admit Unsworn Expert Reports at the Summary Judgment Stage.

The Ninth Circuit has made clear that at their core, the Federal Rules of Civil Procedure embody the policy of substance over form at summary judgment. *See Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form");[3] *Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial").

Contrary to Respondents' claim that their objection is "black-letter law," it is entirely within the Court's discretion to consider unsworn expert reports for summary judgment, and the Ninth Circuit has not held otherwise.[4] While it is true that some district courts have declined to consider unsworn expert reports at summary judgment, other district courts have held that unsworn expert reports *are* admissible at summary

---

[3] While Respondents cited *Fraser* in their objection, that case actually supports Petitioners' position that evidence at the summary judgment stage need not be presented in admissible form. *See Fraser*, 342 F.3d at 1037 (although contents of diary were hearsay, because they "could be presented in an admissible form at trial, we may consider the diary's contents in the Bank's summary judgment motion.").

[4] Respondents mischaracterized *Hunt v. City of Portland*, 599 Fed. Appx. 620, 621 (9th Cir. 2013), an unpublished Ninth Circuit case that found a district court improperly admitted a written expert report as evidence *at trial*, not at the summary judgment stage.

3

judgment, so long as they were satisfied that the contents could be presented in admissible form at trial. *See, e.g., Est. of Najera*, 2017 WL 10544043, at *2 (admitting unsworn expert report at summary judgment stage and rejecting hearsay objection as "without merit because [the expert's] testimony could be provided in a manner admissible at trial"); *Ferreira v. Arpaio*, No. CV-15-01845-PHX-JAT, 2017 WL 6554674, at *4 (D. Ariz. Dec. 22, 2017) (considering unsworn expert report for summary judgment because "the existence of [the report], although not presently in evidentiary form, should alert the summary judgment court to the availability at the trial of the facts contained in them") (quotations and citations omitted); *Bernhardt v. Cal. Dep't of Corr. & Rehab.*, No. 2:13–cv–01380, 2015 WL 2003096, at *2-5 (E.D. Cal. April 29, 2015) (considering unsworn internal report over defendant's hearsay objection in connection with summary judgment "because it is indicative of genuine disputes of material fact, and because this court has discretion to grant leniency at this stage of the litigation"); *Competitive Techs., Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 863-64 (N.D. Cal. 2004), aff'd, 185 F. App'x 958 (Fed. Cir. 2006) (admitting unsworn expert reports at summary judgment). Moreover, the papers submitted by the party *opposing* summary judgment are to be "held to a less exacting standard than those of [the moving party]." *Ferreira*, 2017 WL 6554674, at *4. Thus, where the opposing party is merely tasked with establishing the existence of a dispute of material fact, as Petitioners are here, the Court is well within its discretion to consider unsworn expert reports. *See id.*

The exercise of that discretion is particularly warranted in this case because Dr. Venters is not a party expert but a Court-appointed Rule 706 expert. The parties have already submitted briefing regarding Dr. Venters' qualifications and competency as an expert, and the Court necessarily deemed him qualified by appointing him. Dkts. 69, 62, 65, 67. Moreover, the Court ordered Dr. Venters' reports to be *filed*—indeed, they were submitted to the Court by Respondents themselves. Dkts. 101, 239. There is therefore no doubt as to the authenticity of the reports, and they are already part of the Court record. Neither have Respondents raised any credible questions as to whether Dr. Venters'

opinions, findings, and observations can and will be offered in admissible form at trial. The Court has ample basis to determine that the reports meet the requirements of Rule 56(e) and should overrule the objection. *See Ferreira* , 2017 WL 6554674, at *4.

### III. Dr. Venters' Reports Are Separately Admissible Under the Residual Hearsay Exception and to Show the Effect on the Listener.

Dr. Venters' reports are separately admissible under the "catch-all" residual exception. Federal Rule of Evidence 807(a) creates an exception to the hearsay rule if "the statement is supported by sufficient guarantees of trustworthiness." Statements admitted under Rule 807 "must (1) be evidence of a material fact; (2) be more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) serve the general purposes of the Rules of evidence and the interests of justice by its admission into evidence." *See United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998) (quotations and citation omitted).

Dr. Venters' reports meet all requirements of Rule 807(a). As to trustworthiness, the Court appointed Dr. Venters under Rule 706. *See* Dkt. 69. *See Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."). The Court has previously made clear that "Dr. Venters is not working on behalf of one side or the other. He is a neutral. And the Court is relying on him, since he's the one who's visited" Lompoc. Declaration of Naeun Rim ("Rim Dec."), Ex. 1 at 19:20-22. Dr. Venters was intended to serve as the Court's eyes and ears in this case, since the Court itself was unable to visit the facility "because of the health issues at that institution." *Id.* at 19:22-25. Accordingly, the Court has relied on Dr. Venters' reports in prior orders. *See, e.g.*, Dkt. 105 at 4 n.2.

Moreover, there is no other evidence more probative on the conditions at Lompoc than Dr. Venters' reports exactly because of his expertise and firsthand observations and knowledge. Dr. Venters visited Lompoc in September 2020 and April 2021, at a time when vaccines were not yet widely available to the public. As the Court is aware, the ongoing pandemic made it dangerous at the time for counsel for Petitioners or the Court

itself to visit the site. Accordingly, Dr. Venters' observations are the most probative evidence of what class members are enduring. Petitioners would be substantially prejudiced if the Court did not consider Dr. Venters' reports at this stage.

The reports are also admissible to demonstrate the effect on the listener. An out-of-court statement offered to show the effect on the listener is not hearsay. *See United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir.1991), *cert. denied*, 112 S. Ct. 1598 (1992). Petitioners submitted testimony from the deposition of Respondents' Rule 30(b)(6) designee, in which he testified that he was unaware of any changes Lompoc had made in response to the recommendations of Dr. Venters. *See* Dkt. 257-3 at 27-28; Dkt. 257-1 at p. 38 (AUF 21). The Court should consider the reports as evidence of Respondents' refusal to make changes despite expert findings and recommendations.

## V. The Court Should Permit Petitioners an Opportunity to Cure.

Even if the Court accepts Respondents' position, Petitioners should be provided an opportunity to cure under Rule 56(e)(1). *See Liebling v. Novartis Pharm. Co.*, No. CV 11-10253, 2014 WL 12576619, at *2 (C.D. Cal. March 24, 2014) (granting leave to file sworn declarations of expert because "[t]he Ninth Circuit has repeatedly emphasized that there is a strong policy in favor of disposition of cases on the merits"). Opportunity to cure is particularly warranted here, where Respondents have improperly impeded Petitioners' communications with Dr. Venters. Recently, when counsel for Petitioners contacted Dr. Venters after the hearing to inquire about a declaration and his availability for another site visit—information intended to assist the Court—Respondents *ordered Dr. Venters not to respond in the absence of a Court order*. *See* Rim Decl., Ex. 2. Having contributed to the confusion as to whether Petitioners would even be permitted to contact the Court's neutral expert to seek an affidavit, Respondents should not be able to prevent Petitioners from having an opportunity to cure.

## VI. Conclusion

For the foregoing reasons, the Court should overrule the objection or provide Petitioners with an opportunity to cure by submitting a declaration by Dr. Venters.

| | | |
|---|---|---|
| 1 | DATED: January 11, 2021 | Respectfully submitted, |
| 2 | | Naeun Rim |
| 3 | | Ima E. Nsien |
| | | David Boyadzhyan |
| 4 | | C. Ryan Fisher |
| 5 | | MANATT, PHELPS & PHILLIPS, LLP |
| 6 | | |
| 7 | | By:      /s/Naeun Rim       |
| | | Attorneys for Plaintiff-Petitioners |
| 8 | | |
| 9 | DATED: January 11, 2021 | Donald Specter |
| 10 | | Sara Norman |
| 11 | | Sophie Hart |
| | | Patrick Booth |
| 12 | | PRISON LAW OFFICE |
| 13 | | |
| 14 | | By:      /s/Sara Norman       |
| 15 | | Attorneys for Plaintiff-Petitioners |
| 16 | | |
| 17 | DATED: January 11, 2021 | Terry W. Bird |
| | | Dorothy Wolpert |
| 18 | | Shoshana E. Bannett |
| 19 | | Kate S. Shin |
| | | Oliver Rocos |
| 20 | | Christopher J. Lee |
| 21 | | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C. |
| 22 | | |
| 23 | | |
| 24 | | By:      /s/ Oliver Rocos       |
| 25 | | Attorneys for Plaintiff-Petitioners |