1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Torres *et al*.,<br><br>       Plaintiff-Petitioners,<br>v.<br><br>Milusnic *et al*.,<br><br>       Defendant-Respondents. | Case No.:  CV 20-4450-CBM-(PVCx)<br><br>**ORDER RE: ADMISSIBILITY OF DR. VENTERS' REPORTS** |

The matters before the Court are the parties' briefs re the admissibility/inadmissibility of the reports by the Court-appointed Rule 706 expert Dr. Venters in connection with Respondents' Motion for Summary Judgment. (Dkt. No. 336, 337.)

Respondents filed Objections to Petitioners' Evidence in Opposition to Motion for Summary Judgment (Dkt. No. 266-3), wherein they objected to Petitioners' citation to the two reports by the Court-appointed expert Dr. Venters as inadmissible hearsay.  The Court overrules Respondents' hearsay objections to Dr. Venters reports because Dr. Venters' testimony may be provided in a manner admissible at trial. *See Est. of Najera v. City of Anaheim*, 2017 WL 10544043, at *2 (C.D. Cal. July 10, 2017) (finding in ruling on summary judgment motion that "the hearsay objection [to the expert report] is without merit because [the expert's]

1    testimony could be provided in a manner admissible at trial."); *Competitive*

2    *Techs., Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 863 (N.D. Cal. 2004) (The court

3    has discretion to consider signed but unsworn expert reports submitted in

4    opposition to summary judgment); *Ferreira v. Arpaio*, 2017 WL 6554674, at *4

5    (D. Ariz. Dec. 22, 2017) (declining to exclude unsworn expert report for purposes

6    of ruling on the defendants' summary judgment motion).

7        The Court further finds Dr. Venters' reports are admissible under the

8    residual hearsay exception pursuant to Federal Rule of Evidence 807(a).  As a

9    neutral, Court-appointed Rule 706 expert, Dr. Venters' reports have sufficient

10    guarantees of trustworthiness, are more probative regarding the conditions at

11    Lompoc than other evidence because they are based on Dr. Venters' observations

12    of Lompoc during his visits in September 2020 and April 2021, and the admission

13    of the reports serves the general purposes of the Rules of evidence and interests of

14    justice.  *See* Fed. R. Evid. 807(a); *United States v. Sanchez-Lima*, 161 F.3d 545,

15    547 (9th Cir. 1998) (Statements admitted under Rule 807 "must (1) be evidence of

16    a material fact; (2) be more probative on the point for which it is offered than any

17    other evidence which the proponent can procure through reasonable efforts; and

18    (3) serve the general purposes of the Rules of evidence and the interests of justice

19    by its admission into evidence.").

20        Having found Dr. Venters' reports are admissible, the Court finds a more

21    recent report from Dr. Venters regarding the current conditions at Lompoc is

22    needed prior to ruling on Respondents' Motion for Summary Judgment and

23    Motion to Dissolve Preliminary Injunction.  Accordingly, the Court orders the

24    court-appointed neutral expert Dr. Venters to complete a third site visit of

25    Lompoc.  The parties to shall meet and confer as to when a further visit to

26    Lompoc by Dr. Venters will take place and the date for the filing of a report by

27    Dr. Venters regarding his observations of the current conditions at Lompoc, which

28    includes but is not limited to the following:

1       1.      Protective measures at Lompoc to reduce transmission of

2                  COVID-19 (e.g., soap and cleaning supplies made available to

3                  inmates; type of masks provided to inmates, number/frequency

4                  of masks provided, wearing of masks; social distancing;

5                  testing; isolating and quarantining procedures; screening;

6                  tracking of inmates with COVID-19 symptoms);

7       2.      COVID-19 vaccination efforts (e.g., type of vaccine offered;

8                  when vaccines offered; boosters; the percentage of inmates

9                  who have received one, two, or three doses of the vaccine,

10                respectively; information and education provided to inmates

11                regarding the vaccines);

12       3.     The number of inmates at Lompoc (including FCI Lompoc,

13                USP Lompoc, and Lompoc camps); and

14       4.     The number of positive COVID-19 cases of Lompoc inmates.

15  The parties shall notify the Court in writing regarding when Dr. Venters' third

16  visit will take place and when the report re: his third visit will be filed **no later**

17  **than January 28, 2022.**

18

19      **IT IS SO ORDERED.**

20

21  DATED:  January 18, 2022.

                                 _____

22                           CONSUELO B. MARSHALL

                           UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28