Terry W. Bird – Bar No. 49038
  tbird@birdmarella.com
Dorothy Wolpert – Bar No. 73213
  dwolpert@birdmarella.com
Shoshana E. Bannett – Bar No. 241977
  sbannett@birdmarella.com
Kate S. Shin – Bar No. 279867
  kshin@birdmarella.com
Oliver Rocos – Bar No. 319059
  orocos@birdmarella.com
Christopher J. Lee – Bar No. 322140
  clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG &
RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Naeun Rim – Bar No. 263558
  nrim@manatt.com
Ima E. Nsien – Bar No. 304096
  insien@manatt.com
David Boyadzhyan – Bar No. 311386
  dboyadzhyan@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Plaintiff-Petitioners Richard
Garries and Andrew Ybarra

Donald Specter – Bar No. 83925
  dspecter@prisonlaw.com
Sara Norman – Bar No. 189536
  snorman@prisonlaw.com
Sophie Hart – Bar No. 321663
  sophieh@prisonlaw.com
Patrick Booth – Bar. No. 328783
  patrick@prisonlaw.com
Jacob J. Hutt – MJP No. 804428
  jacob@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

Peter J. Eliasberg – Bar No. 189110
  peliasberg@aclusocal.org
Peter Bibring – Bar No. 223981
  pbibring@aclusocal.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

C. Ryan Fisher – Bar No. 312864
  cfisher@manatt.com
MANATT. PHELPS & PHILLIPS,
LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Tele: (714) 371-2500
Facsimile (714) 371-2550

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

RICHARD GARRIES; ANDREW
YBARRA, individually and on behalf
of all others similarly situated,

Plaintiff-Petitioners,

vs.

LOUIS MILUSNIC, in his capacity as
Warden of Lompoc, et al.,

Defendant-Respondents.

Case No. 2:20-cv-04450-CBM-PVCx

**NOTICE OF JOINT MOTION
AND MOTION FOR
CERTIFICATION OF
SETTLEMENT CLASS,
PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT,
AND CLASS NOTICE;
MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT**

Filed Concurrently with Declaration of Oliver Rocos; and Proposed Order

Hearing:
Date: July 12, 2022
Time: 10:00 a.m.
Courtroom 8D

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 12, 2022 at 10:00 a.m. in Courtroom 8D of the above-entitled Court, Plaintiff-Petitioners ("Petitioners") Richard Garries and Andrew Ybarra, and on behalf of all others similarly situated, and Defendant-Respondents ("Respondents") Louis Milusnic, in his official capacity as Warden of FCI Lompoc and USP Lompoc, and Michael Carvajal, in his official capacity as Director of the Bureau of Prison, will jointly move and hereby do seek: (i) an order pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(1)(C), (e), and (g) certifying as the Settlement Class the class that was provisionally certified on July 14, 2020, Dkt. 45; (ii) preliminarily approve the proposed settlement agreement attached hereto as Exhibit A; (iii) approve the proposed Notice to the Class attached hereto as Exhibit B; and (iv) set the proposed case schedule and fairness hearing.

This motion is based upon this Notice, the Memorandum of Points and Authorities, the Declaration of Oliver Rocos, all accompanying exhibits, the filings in this action, the Proposed Order, and any and all evidence, argument, or other matters that may be presented at the hearing.

*Local Rule 5-4.3.4(a)(2)(i) Compliance:  Filer attests that all other signatories listed concur in the filing's content and have authorized this filing.*

Respectfully submitted,

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

1    DATED:  June 10, 2022              Respectfully submitted,

2
                                        Terry W. Bird
3                                       Dorothy Wolpert
                                        Shoshana E. Bannett
4                                       Kate S. Shin
                                        Oliver Rocos
5                                       Christopher J. Lee
                                        Bird, Marella, Boxer, Wolpert, Nessim,
6                                       Drooks, Lincenberg & Rhow, P.C.
7
8                                       By:    _/s/ Oliver Rocos_____
9                                                   Oliver Rocos
10                                           Attorneys for Plaintiff-Petitioners
11
12
13   DATED:  June 10, 2022              Donald Specter
                                        Sara Norman
14                                      Sophie Hart
                                        Patrick Booth
15                                      Prison Law Office
16
17                                      By:    _/s/ Sara Norman_____
                                                    Sara Norman
18                                           Attorneys for Plaintiff-Petitioners
19
20   DATED:  June 10, 2022              Naeun Rim
                                        Manatt, Phelps & Phillips, LLP
21
22                                      By:    _/s/ Naeun Rim_____
23                                                  Naeun Rim
                                             Attorneys for Plaintiff-Petitioners
24
25
26
27
28

- 3 -                                   JOINT MOTION FOR PRELIMINARY
                                        APPROVAL OF SETTLEMENT AGREEMENT

1

2

3    DATED:  June 10, 2022

4

5

6

7

8     Dated: June 10, 2022

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Peter Eliasberg
Peter Bibring
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA

By:      _/s/ Peter Bibring_____
              Peter Bibring
        Attorneys for Plaintiff-Petitioners

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   _/s/ Daniel A. Beck_____
CHUNG H. HAN
DANIEL A. BECK
JASMIN YANG
PAUL B. GREEN
Assistant United States Attorney

Attorneys for Defendants-Respondents

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3          After engaging in litigation for the last two years, the parties now jointly seek

4    certification of a settlement class and preliminary approval of a proposed

5    Settlement Agreement that entails dismissal of this action.  See Exhibit A.

6    Additionally, the parties seek an order approving notice to the class of a fairness

7    hearing concerning the Settlement Agreement and an order setting a schedule for

8    the fairness hearing.  The parties request that unless the Court has any questions,

9    this motion be submitted on the papers and that the Court expedite consideration of

10   the proposed order. The Court should issue an order pursuant to Federal Rule of

11   Civil Procedure ("Rule") 23(c)(1)(C), (e), and (g) certifying the provisional class

12   that was certified on July 14, 2020, Dkt. 45, as the Settlement Class. While

13   Respondents continue to deny the allegations in this action, they consent to the

14   certification of the Settlement Class, the appointment of Plaintiff-Petitioners

15   Richard N. Garries and Andrew G. Ybarra as representatives of the Settlement

16   Class, and the appointment of class counsel.[1]

17         The Court should also grant preliminary approval of the Settlement

18   Agreement because it is the product of arm's-length, serious, informed, and non-

19   collusive negotiations between experienced and knowledgeable counsel who have

20   actively prosecuted and defended this litigation.  Additionally, the notice and

21   schedule for a fairness hearing proposed by the parties will allow an adequate

22   opportunity for class members to review and comment on the Settlement

23   Agreement, and is consistent with the parties' desire for prompt implementation of

24   its terms.

25

26   _____

27   [1] The original named plaintiffs are no longer in custody at Lompoc. The parties
     filed a stipulation to dismiss the original named plaintiffs and substitute Mr. Garries
28   and Mr. Ybarra as Plaintiff-Petitioners in this action, which the Court granted. *See*
     Dkt. Nos. 419 & 420.

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

## II.     **BACKGROUND**

Petitioners filed suit on May 16, 2020, seeking (1) a "highly expedited process" for review of class members for home confinement, as well as (2) an order seeking improved conditions, including adequate social distancing, access to hygiene supplies and PPE, adequate screening procedures, a system for isolated exposed individuals, adequate medical care for those that contract COVID-19, protections against retaliation, and monitoring to ensure compliance. *See* Dkt. 1 (Complaint). Petitioners moved for a temporary restraining order and preliminary class certification. On July 14, 2020, the Court issued an order granting Petitioners' motions in part, converting the requested TRO into a preliminary injunction, and provisionally certifying a class of people in custody at Lompoc over 50 or with underlying health conditions. *See* Dkt. 45.

**Home Confinement.** On the issue of home confinement, the court's Preliminary Injunction ordered Respondents to make "full and speedy use of their authority under the CARES Act and evaluate each class member's eligibility for home confinement which gives substantial weight to the inmate's risk factors for severe illness and death from COVID-19 based on age (over 50) or Underlying Health Conditions". *See* Dkt. 45. Petitioners also brought a motion to enforce the preliminary injunction, which the Court granted. *See* Dkt. 105.

In January 2021, Petitioners filed a second motion to enforce compliance with the Preliminary Injunction. The magistrate recommended granting in part and denying in part the motion. *See* Dkt. 276. The Court adopted the magistrate's recommendation and ordered Respondents to re-evaluate class members who had been denied home confinement where the only reason given for the denial was the amount of time served or percentage of sentence served, or some other variation of a time component, as well as ordering Respondents to release individuals within one month of approving them for home confinement. *See* Dkt. 290.

On May 25, 2021 Respondents moved to dissolve the preliminary injunction.

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

Dkt. 250.

**Conditions.**  On conditions at Lompoc, the Court denied Petitioners' application for a temporary restraining order regarding condition of confinement, finding that Petitioners' request was precluded by disputed facts as to the safety measures implemented at Lompoc.  *See* Dkt. 45 at p. 80.

The Court granted Petitioners' request to appoint Dr. Homer Venters as the Court's expert, and approved site visits for Dr. Venters in September 2020, April 2021 and February 2022.  *See* Dkts. 101, 239, 367.  The purpose of these visits was to determine whether Respondents were complying with applicable COVID standards set by the BOP and the Centers for Disease Control.  During each visit, Dr. Venters found areas of compliance and areas where he believed that Respondents were deficient.  *Id.*

Respondents dispute the validity of Dr. Venters' reports, and retained expert witnesses to inspect Lompoc and opine on the COVID safety measures at the facility.  On May 25, 2021, Respondents moved for summary judgment and to dissolve the preliminary injunction. Dkts. 250, 251.  Those motions are still pending.

## III.   <u>SUMMARY OF KEY PROPOSED SETTLEMENT TERMS</u>

**Home Confinement.**  The Settlement Agreement largely codifies the Preliminary Injunction and the Court's enforcement orders.  Specifically, it requires Respondents to comply with Attorney General Barr's March 26 and April 3, 2020 memoranda, the current BOP guidance at the time of each review, and the standards set forth in this Court's orders when making decisions about a request for home confinement.  In addition, the agreement requires Respondents to transfer individuals within one month of the decision granting home confinement and, if the transfer does not occur timely Respondents must provide an explanation of the reasons for the delay.

**Conditions.**  The Settlement Agreement requires Respondents to follow BOP

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

policies for COVID testing, checks for people who exhibit symptoms, screening of workers, and medical isolation practices.

**Reporting.**  The Agreement requires Respondents to provide monthly reports on home confinement reviews and the conditions issues listed above.

**Termination.**  The Agreement will terminate on the earliest of the following dates: a) November 17, 2022, b) the day the national emergency declaration with respect to the Coronavirus Disease 2019 (COVID–19) under the National Emergencies Act (50 U.S.C. 1601 et seq.) terminates; or c) the day the Attorney General determines that emergency conditions no longer materially affect the functioning of the Bureau of Prisons,

**Attorney Fees.**  Pursuant to Federal Rule of Civil Procedure 23(h), the parties move the court for an order awarding attorneys' fees and costs.  Subject to Court approval, the Parties have reached a compromise and Respondents have agreed to pay Plaintiffs' counsel $375,000 for reasonable fees and expenses.

## IV.   PROPOSED NOTICE

The parties have agreed to a proposed notice to the class, which is filed as Exhibit B.  This form of notice is adequate to provide the class with notice of the proposed Settlement Agreement and the fairness hearing, and it complies with the due process requirements of Rule 23 of the Federal Rules of Civil Procedure. Within seven days of the Court granting preliminary approval of the settlement and the notice to the class attached as Exhibit B, Respondents will post the notice in FCC Lompoc, including at locations and in formats accessible to disabled inmates; and post an electronic version of the notice on the electronic bulletin board which is available to all Class Members in FCC Lompoc.

## V.   ARGUMENT

### A.   The Court should certify the Settlement Class, appoint Mr. Garries and Mr. Ybarra as Settlement Class Representatives, and Appoint Class Counsel.

The parties ask the Court to certify a Settlement Class defined as:

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

1

2
3
4
5
6
7
8
9
10
11

> all current and future people in post-conviction custody at FCI Lompoc and USP Lompoc over the age of 50, and all current and future people in post-conviction custody at FCI Lompoc and USP Lompoc of any age with underlying health conditions, including chronic obstructive pulmonary disease; serious heart conditions such as heart failure, coronary artery disease, or cardiomyopathies; Type 2 diabetes; chronic kidney disease; sickle cell disease; immunocompromised state from a solid organ transplant; obesity (body mass index of 30 or higher); asthma; cerebrovascular diseases; cystic fibrosis; hypertension or high blood pressure; immunocompromised state from blood or bone marrow transplant; immune deficiencies, HIV, or those who use corticosteroids, or use other immune weakening medicines; neurologic conditions such as dementia; liver diseases; pulmonary fibrosis; thalassemia; Type 1 diabetes; and smokers (hereinafter, "Underlying Health Conditions").

12
13
14
15
16

The above definition is identical to the definition for the provisional class this Court certified in its July 14, 2020 order ("Provisional Class Certification Order"), granting a preliminary injunction and certifying, on a provisional basis, a class pursuant to Rule 23(a) and (b)(2). (Dkt. 45 at 44-48). For the same reasons it certified the provisional class, the Court should also certify the Settlement Class.

17
18
19
20
21
22
23
24
25

The threshold task in determining whether to certify a class for settlement purposes is to examine whether the four requirements of Rule 23(a) are met. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Additionally, parties seeking certification must show that the action satisfies at least one subsection of Rule 23(b). *Amchem*, 521 U.S. at 614; *Hanlon*, 150 F.3d at 1022. Many of the qualifying criteria contained in Rule 23(a) and (b) exist to protect the interests of absentee class members and therefore deserve "undiluted, even heightened, attention" in the context of a settlement-only class certification. *Amchem*, 521 U.S. at 620.

26
27
28

Rule 23(a) provides that a district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). That is, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation to maintain a class action. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012).

When considering provisional class certification, the Court found that the original Plaintiff-Petitioners to this action—Yonnedil Carror Torres, Vincent Reed, Felix Samuel Garcia, Andre Brown, and Shawn L. Fears ("Original Named Plaintiffs") met the requirements for numerosity, commonality, typicality, and adequacy of representation pursuant to Federal Rule of Civil Procedure 23(a). Without waiving the arguments they made in opposition to provisional class certification, Respondents agree that the same findings made as to numerosity, commonality, typicality, and adequacy of representation the Court previously made apply here to the Settlement Class.

Rule 23(a)'s numerosity requirement for class certification requires the class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Proc. 23(a). There are currently more than 2000 members of the provisional class. (CITE.) The Court should therefore find "the class is so numerous that joinder is impracticable, and therefore the numerosity requirement is met. (Dkt. 45 at 45.)

To satisfy the commonality requirement, there must be questions of law and/or fact common to the class. Fed. R. Civ. P. 23(a)(2). To establish commonality, Plaintiff-Petitioners need only point to a single common question to the class. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2556 (2011). The Court should find, as it did previously, that "all class members have been subjected to significant risk of exposure to COVID-19." (Dkt. 45 at 45.) Common facts still include "the process by Respondents in considering Lompoc inmates for home confinement and compassionate release are common to the entire putative class,

and common questions exist as to whether Respondents' failure to make prompt and meaningful use of home confinement and compassionate release in light of the pandemic, and disregard of inmates' age and medical conditions in determining eligibility for home confinement and compassionate release violate the Eighth Amendment." (*Id*. at 45-46.)

"Claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. As it did for the Original Named Plaintiffs, the Court should find that the claims of putative Plaintiff-Petitioners Richard N .Garries and Andrew G. Ybarra are typical of the class because Petitioners are currently incarcerated at Lompoc, have been subject to substantial risk of exposure to COVID-19, and have higher risk of severe illness or death from COVID-19 based on their age and/or underlying medical conditions. Mr. Garries is 58 years old, has a body mass index of over 30, and currently suffers from type 2 diabetes and hypertension. (Declaration of Richard Garries ("Garries Decl.") ¶ 3.) Mr. Ybarra is 28 years old, has a body mass index of over 30, and currently suffers hypertension and high liver enzymes indicative of liver disease. (Declaration of Andrew Ybarra ("Ybarra Decl.") ¶ 3.) Both Mr. Garries and Mr. Ybarra "challenge the same process regarding Respondents' failure to make prompt and meaningful use of home confinement and compassionate release" and therefore satisfy the typicality requirement. (Dkt. 45 at 46-47.)

To satisfy the adequacy of representation requirement, Petitioners must show (1) that the putative named plaintiffs have the ability and the incentive to represent the claims of the class vigorously; (2) that the named plaintiffs have obtained adequate counsel, and (3) that there is no conflict between the named plaintiffs' claims and those asserted on behalf of the class. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Counsel for the putative Plaintiff-Petitioners submitted declarations in support of the application for provisional certification detailing their qualifications. (Dkt. 22-1, 22-2, and 22-3.) Respondents

did not challenge the adequacy of Petitioners' counsel then and still do not. Moreover, there is no conflict between Petitioners and members of the class. Petitioners have confirmed their willingness to be a "named plaintiff, to serve as a class representative, and to represent the claims of the class vigorously in this action." (Garries Decl. ¶ 4; Ybarra Decl. ¶ 4.) Thus, the Court should again find the adequacy requirement is met. (Dkt. 45 at 47.)

Once the requirements of Rule 23 (a) are satisfied, the action must also be maintainable under one of the three subsections of Rule 23(b). *Hanlon*, 150 F.3d at 1022. When certifying the provisional class, the Court found that Respondents had acted or refused to act on grounds that applied generally to the provisional class such that final injunctive relief was appropriate to the class as a whole in accordance with Federal Rule of Civil Procedure 23(b)(2). (Dkt. 45 at 45-48). The same finding applies to Settlement Class.

**B.      The Court should preliminarily approve the stipulated settlement**.

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions.  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Class Plaintiffs v City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). In reviewing a proposed class action settlement agreement, a court first "conducts a preliminary approval or prenotification hearing to determine whether the proposed settlement is 'within the range of possible approval' or, in other words, whether there is 'probable cause' to notify the class of the proposed settlement." *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980)); see also *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079–80 (N.D. Cal. 2007); Manual for Complex Litigation (Fourth) § 21.632 (2004) (explaining that courts "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

fairness hearing"). "Second, assuming that the court grants preliminary approval

and notice is sent to the class, the court conducts a 'fairness' hearing, at which all

interested parties are afforded an opportunity to be heard on the proposed

settlement." *Horton*, 855 F. Supp. at 827. Preliminary approval entails an initial

assessment of the fairness of the proposed settlement made by a court "on the basis

of information already known, supplemented as necessary by briefs, motions, or

informal presentations by parties." Manual for Complex Litigation § 21.632.

Newberg on Class Actions summarizes the preliminary approval criteria as follows:

> If the preliminary evaluation of the proposed settlement
> does not disclose grounds to doubt its fairness or other
> obvious deficiencies, such as unduly preferential
> treatment of class representatives or of segments of the
> class, or excessive compensation for attorneys, and
> appears to fall within the range of possible approval, the
> court should direct that notice under Rule 23(e) be given
> to the class members of a formal fairness hearing, at
> which arguments and evidence may be presented in
> support of and in opposition to the settlement.

4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:25 (4th Ed.

2002).

The purpose of the preliminary approval process is to determine whether the

proposed settlement is within the range of reasonableness and thus whether notice

to the class of the terms and conditions and the scheduling of a formal fairness

hearing is worthwhile. *Id.; see also Young v. Polo Retail, LLC*, No. C-02-4546

VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006). There is an "initial

presumption of fairness when a proposed class settlement was negotiated at arm's

length by counsel for the class." *Murillo v. Texas A&M Univ. Sys.*, 921 F.Supp.

443, 445 (S.D. Tex. 1996). Other factors courts consider in assessing a settlement

proposal include: "[1] the strength of the plaintiffs' case; [2] the risk, expense,

complexity, and likely duration of further litigation; [3] the risk of maintaining

class action status throughout the trial; [4] the amount offered in settlement; [5] the

extent of discovery completed and the stage of the proceedings; [6] the experience

- 13 -

1  and views of counsel; [7] the presence of a governmental participant; and [8] the

2  reaction of the class members to the proposed settlement." *Hanlon v. Chrysler*

3  *Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also In re Oracle Sec. Litig.*, 829 F.

4  Supp. 1176, 1179 (N.D. Cal. 1993).  The district court must explore these factors to

5  satisfy appellate review, but "the decision to approve or reject a settlement is

6  committed to the sound discretion of the trial judge." *Hanlon*, 150 F.3d at 1026.

7       Furthermore, courts must give "proper deference to the private consensual

8  decision of the parties." *Id.* at 1027.  "[S]ettlement [is] the preferred means of

9  dispute resolution" and that "is especially true in complex class action litigation."

10  *Officers for Justice v. Civil Serv. Comm'n*, 688 F. 2d 615, 625 (9th Cir. 1982).

11  "[T]he court's intrusion upon what is otherwise a private consensual agreement

12  negotiated between the parties to a lawsuit must be limited to the extent necessary

13  to reach a reasoned judgment that the agreement is not the product of fraud or

14  overreaching by, or collusion between, the negotiating parties, and that the

15  settlement, taken as a whole, is fair, reasonable and adequate to all concerned."

16  *Hanlon*, 150 F.3d at 1027 (citing *Officers for Justice*, 688 F.2d at 625).  Thus, a

17  district court's decision to approve a class-action settlement may be reversed "only

18  upon a strong showing that the district court's decision was a clear abuse of

19  discretion." *Id.* (citation omitted).

20       Here, a preliminary review of the relevant considerations easily demonstrates

21  a solid basis for granting the conditional approval requested by this motion.  The

22  Settlement Agreement is fair and adequate in that Respondents have agreed to

23  detailed terms that directly address the class claims in this case.  The settlement was

24  reached after years of litigation and negotiations between the parties, who were

25  zealously represented by their experienced counsel throughout this litigation.

26       Further, the outcome of the litigation and the extent of any relief that the

27  class might be awarded if the case went to trial is uncertain, as demonstrated by

28  Respondents' currently pending motions for summary judgment and to dissolve the

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

1  preliminary injunction.  And proceeding through pre-trial motions, trial, and
2  probable appeal would impose risks, costs, and a substantial delay in the
3  implementation of any remedy in this matter.  Given the relief achieved and the
4  risks and costs involved in further litigation, the Settlement Agreement represents a
5  fundamentally "fair, reasonable, and adequate" resolution of the disputed issues and
6  should be preliminarily approved.  Fed. R. Civ. Pro. 23(e)(2).

7      **C.**    **The Court should approve the Class Notice**.

8      Rule 23(e) requires notice to the class before the Court grants formal
9  approval to any compromise of the case.  The parties have agreed to the form and
10  content of the notice to the class, which is attached as Exhibit B, and which
11  provides reasonable notice of the terms of the Settlement Agreement.  The means of
12  disseminating the notice will allow an adequate opportunity for the class to review
13  and comment on the settlement.  The parties respectfully request that the Court
14  approve the notice and order its dissemination to the class members.

15      **D.**    **The Court should approve the proposed scheduling order and set
16  a date for a fairness hearing concerning the Settlement Agreement.**

17      The parties propose the following time schedule to provide for notice,
18  comment, and final approval of the Stipulated Judgment and for a proposed
19  scheduling order.  First, the parties request approximately seven days from the time
20  of the preliminary approval to publish the notice in FCC Lompoc.  Second, the
21  parties request fifteen days, following the publication of the notice, during which
22  class members may file comments and objections.  Third, the parties request
23  fourteen days from the end of the comment period for the parties to respond to any
24  objections and to move for final approval of the Settlement Agreement.  Fourth, the
25  parties request that the fairness hearing be set approximately seven days after the
26  deadline for responding to the objections and filing the motion for final approval.

27  ///
28  ///

- 15 -

1

## VI.    <u>CONCLUSION</u>

For the reasons discussed above, Petitioners and Respondents request that the Court issue preliminary approval of the Settlement Agreement, approve the form of the proposed notice and order its publication to the class and issue the proposed scheduling order.  A proposed order is filed herewith.

DATED:  June 10, 2022                    Respectfully submitted,

Terry W. Bird
Dorothy Wolpert
Shoshana E. Bannett
Kate S. Shin
Oliver Rocos
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:  _____*/s/ Oliver Rocos*_____
Oliver Rocos
Attorneys for Plaintiff-Petitioners

1

2

3   DATED:  June 10, 2022          Donald Specter
                                   Sara Norman
4                                  Sophie Hart
                                   Patrick Booth
5                                  Prison Law Office

6
                                   By:  _____/s/ Sara Norman_____
7                                               Sara Norman
8                                      Attorneys for Plaintiff-Petitioners

9

10  DATED:  June 10, 2022          Naeun Rim
                                   Manatt, Phelps & Phillips, LLP
11

12                                 By:  _____/s/ Naeun Rim_____
                                               Naeun Rim
13                                     Attorneys for Plaintiff-Petitioners

14

15

16  DATED:  June 10, 2022          Peter Eliasberg
                                   Peter Bibring
17                                 ACLU FOUNDATION OF SOUTHERN
                                   CALIFORNIA
18

19
                                   By:  _____/s/ Peter Bibring_____
20                                              Peter Bibring
21                                     Attorneys for Plaintiff-Petitioners

22

23

24

25

26

27

28

JOINT MOTION FOR PRELIMINARY
                                                    APPROVAL OF SETTLEMENT AGREEMENT

1    Dated: June 10, 2022                    Respectfully submitted,

2                                            TRACY L. WILKISON
                                             United States Attorney
3                                            DAVID M. HARRIS
                                             Assistant United States Attorney
4                                            Chief, Civil Division
                                             JOANNE S. OSINOFF
5                                            Assistant United States Attorney
                                             Chief, General Civil Section
6

7                                            ___/s/ Daniel A. Beck_____
                                             CHUNG H. HAN
8                                            DANIEL A. BECK
                                             JASMIN YANG
9                                            PAUL B. GREEN
                                             Assistant United States Attorney
10
                                             Attorneys for Defendants-Respondents
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT