Jason Morris, 61700-298 and
Albert Lee Mitchell, 69428-097
Federal Correctional Institute
3600 Guard Road
Lompoc, CA 93436



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Jason Morris, and
Albert Lee Mitchell
Individually and on behalf of
all other similarly situated,
      Plaintiffs

v.

Louis Milusnic, et al.,
      Respondent

Case No. 2:20-cv-04450-CBM-PVCx

MOTION TO HALT PROPOSED
SETTLEMENT AGREEMENT

EMERGENCY RELIEF REQUESTED

**SUMMARY:**

    The proposed settlement agreement ("Abreement") in the above cited case cannot move forward due to the following issues:
1) The two current class representatives do not, nor cannot, represent the provisional class ("Class") due to the manner in which they were selected;
2) Potential conflict of interest due to the Agreements' terms and itse benefits for the two class representatives;
3) The Agreement does not provide tangible relief to each and every class member;
4) Those who will benefit from the relief in the Agreement will not benefit equally, particularly those Class members who have endured the entirety of the BOP's mishandling and deliberate indifference of the COVID-19 outbreal at FCC Lompoc;
5) Attorney's for Petitioners have not communicated with Class members in a manner to qualify as effective counsel; and
6) The BOP has acted in bad faith despite repeated orders from the court to do otherwise.

    Therefore, the Court is respectfully requested to halt the process of approval of the Agreement and order the following actions.

ACTIONS REQUESTED

    For the aforementioned issues, it is respectfully requested that the Court order the following:
1) The two current Class representatives are replaced with two Class members from each FCC Lompoc facility, or a total of six Class representatives;
2) The requirement to become one of the two Class representatives is that, a) one must meet the terms of the Agreement for approval for home confinement, and b) one must not be qualified for home confinement per the Agreement;
3) A definitive list ("List") of all Class members must be generated before the Agreement is submitted for approval by the Class that indicates each Class member's status as approved or denied home confinement per terms of the Agreement;

MOTION TO HALT PROPOSED SETTLEMENT AGREEMENT - 2:20-cv-04450-CBM-PVCx, Page Two

3) A definitive list ("List") of all Class members must be generated before the Agreement is submitted for approval by the Class that indicates each Class member's status as approved or denied home confinement per terms of the Agreement;
4) Once the List is generated all class members are to be informed, with written receipt, as to his approval or denial for home confinement per terms of the Agreement;
5) Once the list has been shared with all Class members, Class representatives will poll Class members at their respective facility to determine approval or disapproval of the Agreement;
6) Along with results from polling, each Class member will be allowed to withdraw from the Class;
7) Similarly, Class members electing to become permanent Class members must indicate, in writing, his expressed consent;
8) Upon Completion of polling Class representatives are to meet with counsel to share results and discuss next steps;
9) With a Calendar of events, as described herewithin, a date will be set for final approval or disapproval of the Agreement; and
10) Should the Class vote to disapprove the Agreement, counsel will request the Court to accept an Amended Complaint which will request immediate relief as follows: Enlargement of the Class for the purpose of custody placement, including yet not limited to home confinement, as determined by the Court while the Court hears a Section 2241 Writ of Habeas Corpus petition which claims deliberate indifference by the BOP based upon the claim that no set of conditions of confinement could be constitutional due to the BOP's continued mishandling of the COVID-19 outbreak at FCC Lompoc, with requested relief upon granting of the petition a termination of BOP custody/confinement for all petitioners.

## CONCLUSION

Due to the urgency created by a rushed process regarding the Agreement, inadequate class representation, ineffective counsel, and an Agreement that does not provide equitable, concrete, and enforceable relief, we ask for immediate grating of this motion.

Signed under the penalty of perjury this Date   6/27/2022

Jason Morris, 61700-298

Albert Lee Mitchell, 69428-097

Clerk of the Court,
United States District Court
Central District of California
255 East Temple Street
Los Angeles, CA 90012

June 27, 2022

re: 2:20-cv-04450-CBM-PVCx

Dear Sir or Madam:

    Please accept the attached motion for filing in the above mentioned case. We recognize local court rules against pro se motions in a represented action however there ineffective counsel has prevented our voices from being heard and the urgency of the situation requires notice to the court.

    Lack of communication and failure to consult has impacted negatively our due process rights mandating that we address the court directly. Please read the summary of the attached 2-page motion.

    Thank you for your consieration,

*/s/ Albert Lee Mitchell*

Albert Lee Mitchell, 69428097
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

Jason Morris, 61700-298
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

MATT LEE MITCHELL 64428017
FEDERAL CORRECTIONAL INSTITUTE
3600 GUARD ROAD
LOMPOC, CA 93436

LEGAL MAIL

CBM

CASE NO. 20-CV-04450-CBM-PVCx

⇔69428-097⇔
Central District Court
255 E Temple ST
Clerk of the Court
Los Angeles, CA 90012
United States

RECEIVED
CLERK, U.S. DISTRICT COURT
JUN 30 2022
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

CERTIFIED MAIL

7022 0410 0001 5968 8634

Santa Barbara CA
TUE 28 JUN 2022